IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ERIC HOUSTON,                                    :
                                                 :
                        Petitioner,              :
        v.                                       :
                                                 :        NO. 7:21-CV-10-HL-TQL
                                                 :
Warden PEARCE; Nurse                             :
CASEY; Sergeant SNAIL;                           :
A.W. SMITH,                                      :        ORDER
                                                 :
                        Respondent.              :
                                                 :

     Petitioner Eric Houston, a federal prisoner in the Robert A. Deyton Detention

Facility in Lovejoy, Georgia, has filed another Petition for Writ of Habeas Corpus under

28 U.S.C. § 2241.[1]   ECF No. 1.   He has not paid the filing fee or moved to proceed

without prepayment of the filing fee.   The Court assumes Petitioner wishes to proceed *in*

*forma pauperis* and will allow him to do so for purposes of this dismissal alone.

     Petitioner states he is serving a sentence after having been convicted in Knoxville,

Tennessee.   *Id*. at 1-2.   A review of court records on the U.S. District Web PACER

Docket Report reveals that on November 12, 2020 in the United States District Court for

the Eastern District of Tennessee, Petitioner was convicted of distributing cocaine base,

---

[1] This is the third § 2241 petition that Houston has filed in this Court.   *See Houston v. Pearce*, 7:20-cv-250-HL-TQL and *Houston v. Pearce*, 4:20-cv-311-CDL-MSH.   The other two § 2241 actions were dismissed without prejudice.   He has also filed numerous 42 U.S.C. § 1983 actions in this Court.   *See Houston v. Pearce*, 7:20-cv-00257-HL-TQL; *Houston v. Pearce*, 4:20-cv-00312-CDL-MSH; and *Houston v. Pearce*,5:20-cv-00460-TES-CHW.   These cases have been transferred to the United States District Court for the Northern District of Georgia. He has one 42 U.S.C. § 1983 action currently pending in this Court.   *Houston v. Pearce*, 7:21-cv-9-WLS-TQL.

21 U.S.C. § § 841(a)(1) and 18 U.S.C. § 841(b), and was sentenced to serve thirty-seven months imprisonment followed by six years supervised release.   ECF No. 48 in *United States v. Houston*, 3:19-cr-48-TAV-HBG (E.D. Tenn. Nov. 12, 2020).

In his 28 U.S.C. § 2241 petition, Petitioner states he is challenging how his sentence is being carried out, calculated, or credited by prison officials and the conditions of his confinement.   ECF No. 1 at 1-2.   Petitioner does not tell the Court how or why he wants to challenge the execution of his sentence.   In fact, when asked to provide "every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States," Petitioner lists "N/A."   *Id*. at 6-8. Thus, Petitioner has provided no grounds for relief.   Similarly, Petitioner states that he is challenging the conditions of his confinement but provides no detail.   *Id*. at 2.

Petitioner asks the Court to "make this lawyer Joshua A. Hendericks 865-524-8106 give Mr. Houston the 22 months he did."   *Id*. at 7.   The Court does not know how to interpret this.   Petitioner states that should Hendericks decline to give Petitioner "22 months," he wants the Court to revoke Hendericks' "license by all means."   *Id*.   He also requests the Court to revoke Nurse Casey's license.   *Id*.

A § 2241 action is the correct vehicle to challenge how a sentence is being carried out, calculated, or credited by prison officials.   But a § 2241 "petition[] may be brought only in the district court for the district in which the inmate is incarcerated."   *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991).   Petitioner is incarcerated in Lovejoy, Clayton County, Georgia, which is in the Northern District of Georgia.

Petitioner also states that he is challenging the conditions of his confinement.

ECF No. 1 at 2.   He cannot challenge the conditions of his confinement in a 28 U.S.C. §

2241 action.   To the extent that Petitioner wishes to challenge the conditions of his

confinement at the Robert A. Deyton Detention Facility, he would need to file a 42

U.S.C. § 1983 action in the Northern District of Georgia.   28 U.S.C. §1391(b) (providing

that venue is appropriate in the judicial district in which any defendant resides or the

district in which a substantial part of the events giving rise to the claim occurred).

Thus, regardless of whether Petitioner's action is one brought pursuant to 28

U.S.C. § 2241 or 42 U.S.C. § 1983, he has filed the action in the wrong court.   The

Court, therefore, dismisses the petition without prejudice.   *See Fernandez v. United*

*States,* 941 F.2d 1488, 1495 (11th Cir. 1991); *United States v. Pruitt*, 417 F. App'x 903,

904 (11th Cir. 2011); *Fleming v. U.S. Dep't of Homeland Sec.*, 2013 WL 2446303 at *1

(N.D. Ga. 2013) (dismissing 28 U.S.C. § 2241 action for lack of jurisdiction because

petitioner was not detained in the Northern District).

Transfer of this action would not be "in the interest of justice" for several reasons.

*See* 28 U.S.C. § 1406(a); 28 U.S.C. § 1631.   First, it is unclear what type of action

Petitioner seeks to file.   Second, the Court has already transferred to the United States

District Court for the Northern District of Georgia several 42 U.S.C. § 1983 actions in

which Petitioner names these same Defendants.   *See Houston v. Pearce*, 7:20-cv-00257-

HL-TQL; *Houston v. Pearce*, 4:20-cv-00312-CDL-MSH; and *Houston v. Pearce*, 5:20-

cv-00460-TES-CHW.   Third, Petitioner states no grounds for challenging the execution

of his sentence in this petition.   Finally, Petitioner does not explain what conditions of

confinement he seeks to challenge, and he has not used the correct form to challenge any

of the conditions of his confinement.

The dismissal is without prejudice, and Petitioner can determine what type of

action he wishes to file (28 U.S.C. § 2241 or 42 U.S.C. § 1983) and file it in the

appropriate court.

This action is **DISMISSED** without prejudice.

**SO ORDERED**, this 17th day of February, 2021.


_s/ Hugh Lawson_____
HUGH LAWSON
UNITED STATES DISTRICT COURT